1 | JANET SHERMAN (State Bar No. 98560)
SHERMAN & SHERMAN
2 | A Professional Law Corporation
2115 Main Street
3 | Santa Monica, California 90405
E-Mail: janetsher@aol.com
4 | Tele:   310-399-3259
Fax:    310-392-9029
5
6 | LAW OFFICE OF ERIC HONIG
Eric Honig (State Bar No. 140765)
Attorney at Law
7 | P.O. Box 10327
Marina del Rey, CA 90295
8 | Telephone (310) 745-8264
Facsimile (310) 745-8267
9
Attorneys for Claimants
10 | John W. Hollis and Judith L.
Hollis, Individually and as
11 | Trustees of the Three Thirty
Eight Trust
12

13

14 | UNITED STATES DISTRICT COURT

15 | EASTERN DISTRICT OF CALIFORNIA

16

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 2:06-CV-00436-DFL-DAD |
| Plaintiff, ) | STIPULATION AND REQUEST TO CONTINUE STAY OF ACTION PENDING CONCLUSION OF RELATED CRIMINAL INVESTIGATION; ORDER THEREON |
| v. ) | |
| REAL PROPERTY LOCATED AT 8617 SOUTH SUN BAR RANCH PLACE, VAIL, PIMA COUNTY, ARIZONA, APN: 205-75-11504, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, ) | |
| Defendants. ) | |
| John W. Hollis and Judith L. Hollis, Individually and as Trustees of the Three Thirty Eight Trust, ) | |
| Claimants. ) | |

1    Plaintiff United States of America ("plaintiff" or the "government")
2 commenced this civil forfeiture action on March 2, 2006.  Plaintiff alleges the
3 defendant property constitutes proceeds traceable to fraudulent conduct and is
4 therefore subject to forfeiture under 18 U.S.C. § 981.
5    On May 11, 2006, claimants John W. Hollis and Judith L. Hollis,
6 Individually and as Trustees of the Three Thirty Eight Trust ("Claimants") filed a
7 Statement of Interest in the defendant property.  On October 26, 2006, claimants
8 filed their Answer under seal.
9    Claimant John W. Hollis is the subject of a criminal investigation arising
10 out of the same criminal conduct upon which the government's civil forfeiture action
11 is based (the "related criminal investigation").  Title 18 U.S.C. § 981(g)(2) provides
12 that upon motion of a claimant, the court shall stay the civil forfeiture proceeding
13 where the claimant is the subject of a related criminal investigation or case, the
14 claimant has standing to assert a claim, and continuation of the forfeiture proceeding
15 would implicate the Fifth Amendment privilege against self-incrimination.
16    Title 18 U.S.C. Section 981(g)(1) further provides that upon motion of the
17 United States, the court shall stay the civil forfeiture proceeding if the court
18 determines that civil discovery will adversely affect the ability of the Government to
19 conduct a related criminal investigation or the prosecution of a related criminal case.
20 In this case, if this civil case were not stayed, claimant Hollis would depose the law
21 enforcement officers who were involved in the related criminal investigation and
22 would serve document requests on the Government.  Allowing claimant Hollis to
23 pursue discovery at this time would provide him with discovery to which he is not
24 otherwise entitled under the criminal discovery rules and could jeopardize the
25 investigation.
26    Accordingly, plaintiff and claimants, by and through their respective
27 counsel of record, hereby stipulate and request that the Court continue the stay in this
28 action until further order of the court.  There is a related civil forfeiture action,


United States v. Approximately $1,200,000, et al., Civ. 05-149-DFL, which is currently stayed on the same basis as the instant case until further order of the Court. When the criminal case has been concluded, the parties will inform the Court of the status of the matter and the two related forfeiture cases may then proceed.

DATED:  April 23, 2007                SHERMAN & SHERMAN
                                      A Professional Law Corporation

                                      LAW OFFICE OF ERIC HONIG


                                By:   /s/ Janet Sherman
                                      Janet Sherman
                                      Attorneys for Claimants


DATED:  April 23, 2007                McGREGOR W. SCOTT
                                      United States Attorney



                                By    /s/ Kristin S. Door
                                      Kristin S. Door
                                      Assistant United States Attorney
                                      Attorneys for Plaintiff


# O R D E R

IT IS ORDERED that this case is stayed pursuant to 18 U.S.C. § 981(g) until further order of the Court.


DATED:  April 26, 2007
                                      /s/ David F. Levi
                                      UNITED STATES DISTRICT JUDGE