```
BENJAMIN B. WAGNER
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
United States of America
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REAL PROPERTY LOCATED AT 8617<br>SOUTH SUN BAR RANCH PLACE,<br>VAIL, PIMA COUNTY, ARIZONA,<br>APN:205-75-11504, INCLUDING<br>ALL APPURTENANCES AND<br>IMPROVEMENTS THERETO,<br><br>　　　　Defendant. | 2:06-CV-00436-JAM-DAD<br><br>ORDER LIFTING STAY;<br>UNSEALING ANSWERS; AND<br>PROTECTIVE ORDER<br><br>DATE:　　April 7, 2010<br>TIME:　　9:30 a.m.<br>COURTROOM:6 |

　　　The Court finds as follows:

　　　1.　Claimants John and Judith Hollis are the owners of the defendant real property.

　　　2.　Discovery was stayed in this case during an investigation of insurance fraud involving Tri-Continental Insurance Company and Robert Brown aka Matthew Schacter.

　　　3.　The United States Attorney for the Eastern District of California has advised claimant John Hollis that he has no present intention of prosecuting claimant John Hollis based on the events giving rise to that investigation.

1  4.   The United States has requested that the stay be lifted
2 so that discovery can resume.
3  5.   In order to permit discovery to proceed in this case
4 while protecting claimants' interests, the Court finds that a
5 protective order will adequately protects claimants' rights.
6  ACCORDINGLY, IT IS ORDERED THAT:
7  1.   The stay previously entered in this case is lifted.
8  2.   The Clerk of the Court shall unseal the Answers filed
9 by claimants on or about October 26, 2006.
10  3.   No testimony or documents John or Judith Hollis
11 produce in this civil forfeiture action, whether by way of
12 discovery responses, deposition testimony, or trial testimony,
13 shall be used by federal, state, or local authorities in
14 connection with any criminal prosecution other than as set forth
15 in paragraph 8 below.
16  4.   Except as provided in Paragraph 8, Plaintiff shall not
17 provide discovery documents, discovery responses, or deposition
18 or trial testimony to any federal, state, or local prosecutor for
19 use in a criminal prosecution, and agrees that this material
20 shall be used only for the purposes of the prosecution, defense,
21 or settlement of this action, and for no other purpose.
22  5.   The material produced in discovery may be reviewed by
23 paralegal or secretarial staff in the U.S. Attorney's Office or
24 by law enforcement agents (federal, state, or local) solely for
25 purposes of the prosecution, defense, or settlement of this civil
26 forfeiture action, and for no other purpose.
27  6.   Federal, state, and local law enforcement officers may
28 attend claimants' depositions and the deposition of any witness.

7.     Plaintiff is permitted, without further order of this court, to file claimants' discovery responses or deposition testimony in court as exhibits to a motion such as a motion for summary judgment or motion to compel discovery, provided however that plaintiff will request that said filings be sealed.

8.     Plaintiff is permitted to use any testimony or documents produced in this civil forfeiture action in any subsequent prosecution for perjury or false statement.

9.     This order shall survive the final disposition of this case, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information produced hereunder.

IT IS SO ORDERED.

Dated: March 30, 2010         /s/ John A. Mendez
                              JOHN A. MENDEZ
                              United States District Judge